UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SOLERA MULTIFAMILY, LLC and HICKORY INVESTORS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:25 CV 1877 JMB |
| JEFFREY J. TEGETHOFF, AET 2021 IRREVOCABLE TRUST, MONO SUERTE TRUST, TEGETHOFF DEVELOPMENT, LLC, and TEGETHOFF DEVELOPMENT CO, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Now pending before the Court are Defendants' Motion to Dismiss Certain Counts (Doc. 27), Plaintiffs' Motion for Leave to File Under Seal (Doc. 32), and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 34). The Motion to Dismiss is **DENIED without prejudice**, the Motion for Leave to File under Seal is **GRANTED**, and the Motion for Leave to File Second Amended Complaint is **GRANTED**.

### Introduction

In a Complaint filed on December 26, 2025, Plaintiffs allege claims related to a 2022 real estate development project in St. Peters, Missouri named Old Hickory Village. In general, Plaintiffs allege that they invested almost $3 million in the project but that Defendants used the funds for purposes other than the development of Old Hickory Village. As a result, contractors working on the project were not timely paid and the project itself was delayed. In addition, other investors were required to make additional capital contributions which decreased and diluted Plaintiffs' shares in the project. Plaintiffs further allege that Defendants concealed their fraud and

have failed to provide information about the project.  And, finally, Plaintiffs state that Defendants failed to disclose a judgment against them in the Marion County, Indiana Commercial Court which should have been disclosed according to the parties' agreements.  Plaintiffs set forth ten Counts ranging from breach of contract to fraud.

Defendants were served on January 4, 2026 and their responsive pleadings were due on March 16, 2026 (Docs. 10-13, 18, 19).  On March 12, 2026, Plaintiffs filed an Amended Complaint (Doc. 22).[1]  Defendants timely filed their motion to dismiss on March 26, 2026 (Doc. 27). Plaintiffs' response was due on April 23, 2026 and a reply was due on May 13, 2026 (Docs. 30 and 31).  Instead of filing a response to the motion to dismiss, Plaintiffs filed a motion to amend, stating that the proposed amended pleading would "moot several of Defendants' motion-to-dismiss arguments" (Doc. 34).  Of note, Plaintiffs dropped their federal securities fraud claim.  Plaintiffs also seek to file their proposed Second Amended Complaint under seal because they seek to file confidential financial documents that were received in discovery in the Indiana lawsuit and which are subject to a protective order in that lawsuit.

On June 4, 2026, Defendants Tegethoff Development Co, LLC and Tegethoff Development, LLC, filed a suggestion of bankruptcy indicating they have filed for relief pursuant to Chapter 11 of the Bankruptcy Code.  Accordingly, they note that this matter must be stayed as to the claims against them.

### Background

The following facts are taken from, or reasonably inferred from, Plaintiffs' Amended Complaint (Doc. 22).  Plaintiffs, Solera Multifamily, LLC and Hickory Investors, LLC, are

---

[1] Plaintiffs requested jurisdictional discovery related to the citizenship of Defendants AET 2021 Irrevocable Trust and Mono Suerte Trust (Doc. 4).  That request was granted and Plaintiffs were directed to file an amended complaint setting forth the citizenship of the Trusts (Doc. 14).

organized under the laws of the State of Indiana and contain members who are citizens of a variety of States except Missouri.  Both Plaintiffs, in addition to Defendants Tegethoff Development, LLC, the AET 2021 Irrevocable Trust, and the Mono Suerte Trust, are members of Old Hickory Partners, LLC (OHP).  OHP is managed by Defendant Jeffrey J. Tegethoff.  All Defendants, including the remaining Defendant, Tegethoff Development Co, LLC, are citizens of the State of Missouri.  Mr. Tegethoff is either the sole member or beneficiary of each of Defendants.  Plaintiffs are managed and operated by two of its members, Shawn N. Bush and Jeffrey N. Bush (Bushes).

The Bushes are sophisticated investors with experience in accounting, commercial real estate, and asset management.  They had a previous business relationship with Mr. Tegethoff, having invested with him in previous real estate projects since their introduction in November, 2018.

In March, 2022, Shawn Bush and Mr. Tegethoff entered into negotiations for the creation of OHP, which would be managed by Mr. Tegethoff, leading to the operative Amended and Restated Operating Agreement dated July 31, 2023 (Doc. 22-4).[2]  OHP, as a general partner, entered into a Limited Partnership Agreement with RGA Real Estate Investments, LLC (which is not a party to this lawsuit), a limited partner, on July 18, 2022 (Doc. 22-4, pp. 56-93).  That Limited Partnership Agreement was amended on July 31, 2023 (first amendment) and again in June, 2024 (second amendment) (Docs. 22-3 and 22-5; Doc. 22-6, respectively)  In order to fund the approximate $100 million in costs for the development, OHP contributed (or committed to contribute) approximately $10.5 million in capital contributions,[3] RGA contributed (or committed

---

[2] In addition to the parties to this lawsuit, OHP has a number of other members who are not parties to this lawsuit (Docs. 22-4, pp. 3-4).

[3] Of that amount, Solera Multifamily contributed (or agreed to contribute) $2,325,213.51 and Hickory Investors contributed (or agreed to contribute) $523,173.04 (Doc. 22-4, p. 53).

to contribute) approximately $29 million in capital contributions, and approximately $58.5 million in the form of a construction loan was taken out by OHP and underwritten by Commerce Bank (Doc. 22-3, p. 6).

Plaintiffs allege that, notwithstanding written and verbal assurances, Mr. Tegethoff intended to use their investments for his own personal use and to pay unrelated business expenses. Plaintiffs claim that Mr. Tegethoff routinely used investment money from one project to pay for other projects.  In this instance, he transferred millions of dollars from OHP to Tegethoff Development Co. (which was not a member of OHP but which was managing the project) for his own personal use as an undocumented "loan" knowing that it could not be repaid.  As of February, 2025, Mr. Tegethoff had not "repaid" OHP the "loan" amount.  By diverting these funds, OHP was unable to timely contribute its full capital contribution ($4,000,000) pursuant to the Limited Partnership Agreement.

Plaintiffs further allege that to account for this shortfall, Mr. Tegethoff entered into the second amendment to the Limited Partnership Agreement without their knowledge or approval and in breach of the Amended and Restated Operating Agreement.  The second amendment resulted in RGA committing to contribute the $4,000,000 in capital shortfall and in turn receiving a greater percentage of the interest in the development, thus diluting Plaintiffs' interest in the development.  When Plaintiffs subsequently demanded to review OHP's books, their request was ignored (Doc. 22-7).

During the relevant time period, Mr. Tegethoff agreed to a $15,000,000 settlement in the Indiana case.  However, he allegedly failed to appraise Commerce Bank of the settlement and was notified that the commercial loan would be in default if that judgment was not paid by January 22,

2026 (Doc. 22-8).   Plaintiffs state that breach of the loan agreement likewise breaches the agreement between the parties.

Plaintiffs allege state law claims of breach of contract (Count I), breach of fiduciary duty (Count II), fraud in the inducement (Count III), securities fraud (Count V), theft/conversion (Count VI), unjust enrichment (Counts VII - IX), and request declaratory relief (Count X).   Plaintiffs further assert a federal claim, securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and related regulations (Count IV).

For its motion to dismiss (Docs. 27 and 28), Defendants argue that Plaintiffs failed to allege fraud with particularity as to Counts III-V.   Defendants further argue that Count IV is not pled with sufficient particularity as required by federal law.   As to Counts II and VI-IX, Defendants argue that Plaintiffs have not met the requirements of filing a derivative claim and that they lack standing to sue.   In addition, Defendants argue that Counts VII and VIII fail to state a claim. Finally, Defendants argue that Plaintiffs cannot seek a declaratory judgment because there is no justiciable case or controversy.   As noted above, Plaintiffs did not respond to the arguments made in the motion to dismiss.   Instead, they seek to file a second amended complaint that, they state, would "moot" Defendants arguments and that drops Count IV, the federal securities fraud claim (Docs. 34 and 35).   In response, Defendants note that their motion to dismiss is unopposed, that Plaintiffs cannot amend their complaint as a matter of course, and that, by dropping Count IV, Plaintiffs are attempting to skirt a statutory and automatic stay of discovery (Doc. 36).   Finally, Plaintiffs have filed a reply in support of their motion to amend (Doc. 37).

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017)

(citation omitted).  Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).  Thus, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).  Stated more comprehensively, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the opposing party's consent or leave of court and that "[t]he court should freely give leave when justice so requires."  It is within the district court's discretion to deny amendment if there is "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Reuter v. JAX Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (quotation marks and citation omitted).  In this matter, Plaintiffs are unable to amend as a matter of course pursuant to Rule 15(a)(1) because more than 21 days elapsed from the serving of the complaint (January 4 and 5, 2026) to the proposed filing of the second amended complaint (April 23, 2026);[4] and more than 21 days elapsed from service of Defendants' motion to dismiss (March 26, 2026) to the proposed filing of the second amended complaint (April 23, 2026).

---

[4] Plaintiffs filed an amended complaint as directed by the Court (Doc. 14) on March 12, 2026 (Doc. 22).

**Discussion**

As a preliminary matter, it is not unusual for a plaintiff to file an amended complaint in the face of a motion to dismiss. Rule 15(a)(1) provides a plaintiff may do so once without leave of Court if within the specified time period. Permitting such an amendment can save judicial resources by correcting deficiencies in a complaint that are identified by a defendant, thus clarifying pleadings without Court intervention. As noted above, Plaintiffs are outside of the 21 day period permitted by the Rule and therefore seek permission to file an amended complaint in light of the motion to dismiss.[5] Of course, an amended pleading is useful only if it actually and clearly addresses the arguments made in a motion to dismiss and presumably corrects the deficiencies noted. Plaintiffs' motion to amend does not clearly articulate which of Defendants' arguments they are attempting to address by proposing an amended pleading. Indeed, Plaintiffs have wholly failed to respond to any of the arguments made by Defendants in their motion to dismiss.

However, in order to move these proceedings along, and because of Defendants' limited argument in response to the motion to amend, Plaintiffs shall be granted leave to amend under the generous standard of Rule 15. See, e.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

Defendants' main argument (in response to the motion to amend) is that Plaintiffs should not be allowed to amend and drop their federal claim because they are simply trying to skirt federal law that limits discovery.[6] While that may be Plaintiffs' intent, it has only limited bearing on whether leave to amend should be granted. See Caterpillar Inc. v. Williams, 482 U.S. 386, 394-

---

[5] The Court's April 22, 2026 Order did not extend the Rule 15(a)(1) deadline (Doc. 31).

[6] The Private Securities Litigation Reform Act allows for securities fraud actions but directs the Court to stay discovery during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

395 (1987) (stating, in a different context, that plaintiffs are "masters of the complaint" and need not assert a federal claim even if one is available).  Defendants do not suggest that any of the other claims in Plaintiffs' proposed pleading are either futile or prejudicial (except to the extent articulated in the motion to dismiss).  And, to the extent that allowing discovery on Plaintiffs' fraud claims may be burdensome, Defendants may file a motion to stay discovery as they suggest.

Defendants do briefly state, again in their response to the motion to amend, that Plaintiffs' fraud claims are still not pled with particularity.  See Fed.R.Civ.P. 9(b); Collins v. Metropolitan Life Ins. Co., 117 F.4th 1010, 1017 (8th Cir. 2024) (fraud counts should allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby" (quotation marks and citation omitted)).  However, in light of the suggestion of bankruptcy and the seeming interconnectedness between Plaintiffs' claims against bankrupt and non-bankrupt Defendants, the best course of action is to allow the amended pleading and allowing Defendants to refile their motion to dismiss as to the non-bankrupt Defendants.  If Defendants refile their motion, Plaintiff's would be well served by filing a response that would especially address the standing arguments that Defendants make.

Accordingly, it is hereby **ORDERED** that:

1.  Plaintiffs' Motion to Amend (Doc. 34) is **GRANTED**.  Plaintiff shall file their Second Amended Complaint **under seal** and file a redacted Second Amended Complaint in the public docket by June 17, 2026.

2.  Plaintiffs' unopposed Motion for Leave to File under Seal (Doc. 32) is **GRANTED** for good cause shown.

3.  Defendants' Motion to Dismiss (Doc. 27) is **DENIED without prejudice** and with leave to refile.

4.    This matter is **STAYED** as to Defendants Tegethoff Development, LLC and Tegethoff

Development Co, LLC only.

5.  Defendants' are granted leave to file a motion to stay discovery by July 3, 2026.  Discovery is

**STAYED** until any such motion has been resolved.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE


Dated this 17th day of June, 2026