UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SOLERA MULTIFAMILY, LLC, and HICKORY INVESTRS, LLC, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:25 CV 1877 JMB |
| JEFFREY J. TEGETHOFF, TEGETHOFF DEVELOPMENT, LLC, TEGETHOFF DEVELOPMENT CO, LLC, JASON J. TEGETHOFF, *as trustee*, ANNA E. TEGETHOFF, *as trustee*, JEFFREY J. TEGETHOFF, *as trustee*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On June 6, 2026, Defendants Tegethoff Development, LLC and Tegethoff Development Co., filed a Suggestion of Bankruptcy (Doc. 38) indicating that they filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Missouri. This filing mandated an automatic stay in this case and as to these Defendants pursuant to 11 U.S.C. § 362(a)(1). However, the automatic bankruptcy stay does not apply to the non-bankrupt Defendants. Am. Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009) ("'It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" (citation omitted)).

The parties represent that they filed an "adversary proceeding" in the Bankruptcy Court requesting that the automatic stay be extended to Jeffrey J. Tegethoff, in his individual capacity. The parties do not cite to the record in the Bankruptcy case to support this statement nor is it apparent that the Bankruptcy Court has ordered that this matter be stayed as to Jeffrey J. Tegethoff.

They further indicate that they have agreed to stay the claims against Mr. Tegethoff in this matter. It is unclear on what authority the parties believe that they may agree to stay claims against a party in this action, without a Court Order. And, the parties do not mention the remaining Defendants, who are trustees of two trusts related to the other Defendants. It should be noted that a stay "is not available to non-bankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'" Id. (citation omitted).

In any event, this Court does have the inherent power to stay proceedings, outside of the bankruptcy process. See Landis v. North American Co., 299 U.S. 248, 254-255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Clinton v. Jones, 520 U.S. 681, 706-707 (1997). In light of the pending bankruptcy proceedings and the intertwined nature of the claims against each of Defendants in these proceedings, it would be efficient to stay this matter pending the outcome of the bankruptcy case.

Accordingly,

**IT IS HEREBY ORDERED THAT:**

1. This matter is **STAYED**. The parties shall file a status report on the related bankruptcy proceedings on **December 18, 2026**, and every 90 days thereafter, and shall file a status report within 7 days of the confirmation, conversion, or dismissal of the bankruptcy proceedings.

2. The Joint Motion to Stay Proceeding (Doc. 55) is **GRANTED in part**.

3. All deadlines and hearings in this matter are **VACATED** and will be reset on a future date.

4. The Motion to Dismiss (Doc. 43) and Motion to Stay Discovery (Doc. 45) are **DENIED without prejudice** and may be refiled upon lifting of the stay.

***/s/ John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2026